UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MERCEDES-BENZ FINANCIAL SERVICES USA LLC**, a Delaware limited liability company in its capacity as servicer for **DAIMLER TRUST**, <br><br>                    **Plaintiff,** <br><br>     v. <br><br> **WILSON J. CHANDLER,** <br><br>                    **Defendant.** | Case No. 19-cv-15716-ES-ESK <br><br> **OPINION AND ORDER** |

**KIEL**, **U.S.M.J.**

      **THIS MATTER** comes before the Court on plaintiff's motion (Motion) for costs and fees incurred from defendant Wilson J. Chandler's failure to waive service pursuant to Federal Rule of Civil Procedure (Rule) 4(d). (ECF Nos. 17 and 19.) Defendant opposed the Motion. (ECF No. 18.) A telephonic hearing was held on the record on May 19, 2020. (Minute entry after ECF No. 20.) The parties filed supplemental briefs after the hearing. (ECF Nos. 32 and 33.) For the following reasons, the Motion is **GRANTED**.[1]

---

[1] On May 20, 2020, the Court directed the parties to file letters setting forth the parties' states of citizenship to determine the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 21.) The submissions did not resolve the jurisdictional question. (*See* ECF Nos. 22–24.) The parties are now engaged in jurisdictional discovery. (ECF No. 28.) This Court has the authority to resolve plaintiff's request under Rule 4(d) while the jurisdictional issue remains unresolved because relief under Rule 4(d) is "collateral" and does not reach the merits of the case. *See Gary v. Braddock Cemetery*, 517 F.3d 195, 202–03 (3d Cir. 2008) (holding that the Court lacked subject matter jurisdiction but was nevertheless required to resolve a Rule 11 application); *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (the issue of whether the Court's rules were violated is collateral to the merits of the case and does not implicate constitutional concerns because resolution of the issue does not involve assessment of the merits, over which the Court lacked jurisdiction).

## BACKGROUND

### I. THE DISPUTE

In November 2014, defendant leased a car from Benzel-Busch Motor Car Corp. (ECF No. 1 (Compl.) ¶ 4.) Benzel-Busch assigned the lease to plaintiff Mercedes-Benz Financial Services USA LLC (sometimes referred to as MBFS). (*Id.*) The lease required defendant to make 36 monthly payments through November 19, 2017. (*Id.* ¶ 10.) At the end of the lease term, defendant had the option to purchase the car or return it to MBFS. (*Id.* ¶ 18.)

MBFS alleges that defendant failed to return or purchase the car at the end of the lease term and seeks payment for the value of the car. (*Id.* ¶ 29.) MBFS filed the complaint on July 23, 2019. (ECF No. 1.)

Defendant claims he is the victim of a criminal scheme involving Dancy Automotive Group (Dancy) and should not be liable for the value of the car. (ECF No. 6 p. 8.) Defendant "returned" the car to Dancy in November 2015 and bought a new car from Dancy. (*Id.*) Defendant claims MBFS "was, or should have been, aware" that Dancy "held itself out as [MBFS's] agent." (*Id.*)

### II. PLAINTIFF'S ATTEMPTS TO OBTAIN WAIVER OF SERVICE UNDER RULE 4(d)

On July 25, 2019, MBFS's counsel mailed a letter with enclosures to defendant requesting he waive service of process under Rule 4(d). (ECF No. 17-3.) The letter was addressed to "Mr. Wilson J. Chandler" and was mailed to the address provided by defendant as his "billing address" on the lease agreement: "101 Montgomery Street, Suite 2800, San Francisco, California, 94101-4141" (Billing Address). (*Id.*; ECF No. 17-2 (Duston Decl.) ¶ 7.) The Billing Address is the address for True Capital Management LLC, a "family office" that provides various services for high-net-worth individuals and families, including bill payment services.[2]

---

[2] *See* www.truecapitalmgmt.com.

The letter addressed to defendant states that "MBFS has filed a complaint against you—Wilson J. Chandler—in the United States District Court for the District of New Jersey." (ECF No. 17-3.) It also states:

> A copy of the complaint is enclosed with this letter.
>
> I write to request that you waive formal service of this Complaint on you. To do so, I have enclosed two copies of a form for waiver of service of process, along with a prepaid envelope for you to return an executed copy of the waiver of formal service form to my office.

(*Id.*) The letter recites, verbatim, the language required under Rule 4(d)(2), namely that "the Court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." (*Id.*) The letter asked defendant to "return a signed copy of one of the enclosed waiver of service forms no later than 30 days from the date of this letter." (*Id.*)

Plaintiff did not receive a signed copy of the waiver of formal service form (Waiver Form) from defendant. (Duston Decl. ¶¶ 8 and 10.) The Post Office did not return the letter and enclosures to plaintiff as "undeliverable." (*Id.* ¶ 9.) Not having received a signed Waiver Form, plaintiff attempted to personally serve defendant with process at the Billing Address. (*Id.* ¶ 12.) Plaintiff's process server went to the Billing Address on September 6, 2019 and described his interaction at the location, as follows:

> [I] came in contact with an employee at the given address, refused name. [I] was told that [defendant] has never been in this office and is not expected to be here. [Defendant] work[s] at another location. The employee refused to provide any further information.

(ECF No. 17-4.)

Unable to elicit a response to the letter or serve defendant at the Billing Address, MBFS tried to obtain defendant's waiver of service through his attorney. MBFS was aware that Jordan W. Siev, Esq., a member of the New York Bar, was representing defendant for issues relating to the criminal investigation of Dancy by the United States Attorney's Office for the Eastern District of New York. (Duston

3

Decl. ¶ 15; ECF No. 17-5.)   Plaintiff's counsel reached out to Mr. Siev and asked him if he would accept service on defendant's behalf.   (ECF No. 17-5.)   While Mr. Siev responded to plaintiff's counsel saying his office is "counsel for Wilson Chandler," Mr. Siev did not respond to the request to accept service for defendant.   (Duston Decl. ¶ 17.)   Mr. Siev, however, engaged in settlement discussions on defendant's behalf with plaintiff's counsel concerning MBFS's claims.   (Duston Decl. p. 3 n. 1.)

Mr. Duston believed, understandably, that he was no longer permitted to communicate directly with defendant to request a waiver of service of process, since Mr. Siev was engaged in representing defendant concerning plaintiff's claims.   (ECF No. 19 p. 3.)   So, on October 14, 2019, Mr. Duston sent a letter to defendant "c/o Jordan W. Siev, Esq." addressed to Mr. Siev's office in New York City.   (ECF No. 17-6.)   The contents of the letter and enclosures mirrored the letter and enclosures previously sent to the Billing Address.   (ECF Nos. 17-3 and 17-6.)   Neither Mr. Siev nor his law firm responded to Mr. Duston's letter.   (Duston Decl. ¶ 19.)

Not having received the courtesy of a response from Mr. Siev, MBFS did some investigation and found potential addresses for defendant in Fairfax, Michigan and Philadelphia, Pennsylvania. (Duston Decl. ¶¶ 21–22.)   Plaintiff mailed the summons, the complaint, and the documents required to give notice under Rule 4(d) to these addresses.   (Duston Decl. ¶ 23.)   Plaintiff did not receive a signed Waiver Form.

On December 23, 2019, MBFS filed documents in support of a return of service through "substituted or constructive service pursuant to N.J.R. 4:4-4(b)(1)(C) as incorporated by [Rules] 4(c) and (e)."   (ECF No. 3.)   Defendant, apparently having been notified of plaintiff's filing of the return of service, filed an answer on January 27, 2020.   (ECF No. 6.)

### III.   THE PRESENT MOTION

Plaintiff's Motion seeks an award of legal fees and costs associated with its attempt to serve defendant after defendant failed to waive service under Rule 4(d).

MBFS claims it incurred $12,164.20 in legal fees and $181.00 in out-of-pocket expenses.  (ECF No. 29.)

Defendant argues he is not liable for the fees and costs because plaintiff failed to strictly follow the requirements of Rule 4(d) in its notices mailed to the Billing Address and Mr. Siev.  Defendant also accuses plaintiff of inflating the time and costs for it to serve him.  (ECF No. 18, pp. 3–4.)

## DISCUSSION AND ANALYSIS

### I.   RULE 4(d)

Under Rule 4(m), upon filing a complaint, the plaintiff must serve the defendant with a copy of the summons and the complaint within 90 days.  As an alternative to personal service, the plaintiff may ask the defendant to waive service of process under Rule 4(d).  Rule 4(d)(2) imposes a duty on a defendant to avoid the unnecessary expenses of serving the summons.

The notice to a defendant under Rule 4(d) must be in writing and addressed to the defendant.  The notice must also:

1. name the court where the complaint was filed;
2. be accompanied by a copy of the complaint, two copies of the Waiver Form appended to Rule 4, and a prepaid means for returning the Waiver Form;
3. inform the defendant, using the form appended to Rule 4, of the consequences of waiving and not waiving service;
4. state the date when the request is sent;
5. give the defendant a reasonable time of at least 30 days after the request was sent to return the waiver; and
6. be sent by first-class mail or other reliable means.

If the defendant refuses to waive service, he will be required to pay the expenses of service, unless the defendant shows "good cause" for his failure to waive service. Fed. R. Civ. P. 4(d)(2).  "Defendants that magnify costs of service by requiring

5

expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs." Fed. R. Civ. P. 4 Advisory Committee's Notes (1993 amendments).

Rule 4(d) does not require the plaintiff to prove that the defendant actually received the request to waive service.[3] Instead, "[w]hen serving a private individual, Rule 4(d)(1)(A)(i) requires that the notice and request be addressed directly to the defendant [or sent to] any address at which the defendant will receive mail promptly …" 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1092.1 (4th ed. 2020).

## II. PLAINTIFF PROVIDED THE NOTICE REQUIRED UNDER RULE 4(d).

Plaintiff satisfied the requirements of Rule 4(d). The letter to defendant's Billing Address was sent by first-class mail on July 23, 2019. (ECF No. 17-3.) It identifies the Court where the complaint was filed. Enclosed with the letter were a copy of the complaint, two copies of the Waiver Form, and a prepared means for return of the signed copy of the Waiver Form. The letter also accurately states the consequences for failing to waive service, advises of the deadline to return the signed Waiver Form, and identifies the date when the Waiver Form was sent. (*Id.*)

Rule 4(d) does not explicitly impose a duty on the plaintiff to investigate or perform any due diligence to determine whether an address previously provided by the defendant to the plaintiff continues to be an address where the defendant receives mail. Neither party was able to cite to any legal authority requiring such an undertaking by plaintiff. Here, however, there is no question that MBFS reasonably believed defendant would receive notices sent to the Billing Address.

Defendant gave the Billing Address to MBFS as the address where he would receive bills and notices from MBFS. (ECF No. 17-3 p. 1.) The fact that the Billing Address is not defendant's residence but a "family office" retained by defendant to

---

[3] During oral argument on the Motion, the parties advised the Court that they did not find any published or unpublished decisions requiring such proof by the plaintiff. The Court's research led to the same result.

6

receive and pay his bills is of no moment. By providing the Billing Address in the lease agreement, defendant represented to plaintiff that the Billing Address should be used to provide all notices relating to the lease. Thus, plaintiff used an address at which it reasonably believed defendant would receive mail.

Plaintiff also mailed the request to waive service and necessary enclosures to defendant's "counsel," Mr. Siev. (ECF No. 17-3.) Having been advised by Mr. Siev of his role as "counsel" for defendant and having engaged in settlement discussions with him, plaintiff's counsel acted reasonably—indeed, ethically—in sending the request to Mr. Siev, rather than continuing to attempt to communicate directly with defendant. Mr. Siev became the only avenue of communication to seek waiver of service from defendant.

The Court is not persuaded, moreover, by defendant's argument that plaintiff failed to prove that two copies of the Waiver Form were enclosed with the notices sent to the Billing Address and Mr. Siev. (*See* ECF No. 18 p. 3.) Defendant argues that Rule 4(d)(1)(C) was not satisfied because only one copy of the waiver form *was filed in support of the Motion*. (*See* ECF No. 17-3 pp. 4–5.)

Plaintiff's counsel has sworn, under penalty of perjury, that two copies of the Waiver Form and a prepaid envelope were included in the materials mailed to the Billing Address and Mr. Siev. (Duston Decl. ¶ 18.) This Court may rely on counsel's sworn statement to establish that the requirements of Rule 4(d) were met. *See Guardian Life Ins. Co. of Am.*, No. 16-00643, 2016 WL 3763340, at *3 (D.N.J. July 14, 2016) (citing to the plaintiff's counsel's certification in support of the Court's conclusion that the plaintiff complied with the procedural requirements of Rule 4(d)(1)(A)).

### III. NO GOOD CAUSE SHOWN

"Good cause" is a defense to a plaintiff's request for reimbursement of fees and expenses under Rule 4(d). However, this defense is available only in rare circumstances. Fed. R. Civ. P. 4 Advisory Committee's Notes (1993 amendments). "Examples include where the defendant did not receive the waiver request or was not

7

literate enough in English to understand it." *Id.*[4]  Here, defendant makes no attempt to show "good cause" for his failure to waive service.

To receive the benefit of the "good cause" defense, plaintiff could simply declare, under penalty of perjury, that he did not receive the request to waive service and was not aware of the request.  That statement is missing from the record.[5] True Capital Management has also remained silent.  Someone working for the company could simply declare, under penalty of perjury, that it did not forward the plaintiff's request to waive service to defendant or that it did not receive plaintiff's request.  This Court can only conclude defendant was notified of plaintiff's request and decided, at best, to ignore it or, at worst, purposely sought to make the service of process more difficult, time consuming, and expensive for plaintiff.

The conclusion is no different for the request sent to Mr. Siev.  In Mr. Siev's role as "counsel for Mr. Chandler," Mr. Siev could declare, under penalty of perjury, that he did not inform defendant of plaintiff's request and did not forward the letter and enclosures to defendant.   Mr. Siev is also silent on this point.

Mr. Siev's silence left plaintiff in an unenviable position.  Plaintiff could no longer contact defendant directly—since defendant was represented by counsel—nor could it avail itself of Rule 4(d) because plaintiff's counsel was ethically barred from communicating directly with a represented party.  Plaintiff's counsel then was compelled to proceed with the only option left to serve defendant with process—the option that Rule 4(d) seeks to avoid.

Rule 4(d) is intended to avoid the expenses of service of process and, particularly so, for those defendants who may be difficult to serve.  The Court notes that defendant is a professional basketball player who understandably is not in one

---

[4] A belief that the court lacks jurisdiction or that a claim is unjust does not establish good cause for failure to waive service.  *See Elchik v. Akustica, Inc.*, No. 12–00578, 2013 WL 12137720, at *2 (W.D. Pa. Feb. 1, 2013).

[5] Defendant also argues that plaintiff failed to submit a "proof of certified mailing or receipt …" (ECF No. 18 p. 1.)  Rule 4(d) does not require certified mailing or proof of receipt.  Rather, Rule 4(d) requires the plaintiff to send the request by first-class mail.

place for long periods of time. This may be why he sought the services of a "family office" to receive important mail and bills addressed to him. Defendant cannot now use his Billing Address as a shield against the imposition of fees and costs for his failure to waive service.

### IV.    LEGAL FEES AND COSTS

MBFS claims it incurred $12,164.20 in legal fees and $181.00 in out-of-pocket expenses. (ECF No. 29.) Rule 4(d)(2) provides:

> [I]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

"[T]he costs of enforcing the cost-shifting provision are themselves recoverable from a defendant who fails to return the waiver. In the absence of such a provision, the purpose of the rule would be frustrated by the cost of its enforcement, which is likely to be high in relation to the small benefit secured by the plaintiff." Fed. R. Civ. P. 4 Advisory Committee's Notes (1993 amendments). Further, Rule 4(d) mandates the award of fees and costs. Fed. R. Civ. P. 4(d)(2). The award of fees should be "reasonable under the circumstances." *See U.S. Engine Prod., Inc. v. AGCS Marine Ins. Co.*, 783 F.Supp.2d 507, 509 (S.D.N.Y. 2011).

Plaintiff requests the award of the costs to effectuate service, for attorney's fees relating to same, and for the costs and attorney's fees incurred to file this Motion. Defendant argues the fees requested are unreasonable and inflated. (*Id.*)

Costs and attorney's fees incurred as a result of this Motion are compensable under Rule 4(d)(2)(B). Attorney fees incurred in effectuating service are not recoverable. The time billed for an attorney to arrange formal service after the defendant has refused a waiver is not compensable. Fed. R. Civ. P. 4(d); 28 U.S.C.A., Supplementary Practice Commentary C4-17 at 53 (Supp.1996); *see also*

9

*D'Agostine v. United Hosp. Supply Corp.*, No. 96-00168, 1996 WL 417266, at *5 (E.D. Pa. 1996) (plaintiff was only entitled to recover attorney's fees pursuant to Rule 4(d) for the preparation of the motion).

Plaintiff submitted an itemization of attorney's fees and costs. (ECF No. 29.) All billing entries prior to March 9, 2020 concern work to effectuate service. (*Id.*) These fees, which amount to $2,970.00, are not recoverable. The remaining attorney's fees ($9,012.50) and costs ($181.70) are recoverable and are reasonable in light of the amount of briefing and appearances necessary for this Motion.

The hourly billable rates for plaintiff's attorneys ($500 for partners and $375 for associates) are reasonable. In addition, plaintiff excluded from its itemized fees, work for the supplemental briefing requested by the Court and billed for just one partner's appearance at oral argument. After a thorough review of plaintiff's itemization of fees and costs, this Court finds that plaintiff's request for fees is reasonable for the work performed. Plaintiff is entitled to fees in the amount of $9,012.50 and costs in the amount of $181.70.

Accordingly,

**IT IS** on this **2nd** day of **July 2020  ORDERED** that:

1. The Motion is **GRANTED**.

2. Defendant is directed to pay plaintiff $9,012.50 in attorney's fees and $181.70 in costs by August 3, 2020.  Plaintiff's counsel shall advise defendant's counsel of the payee and address for the payment.

3. The Clerk of the Court is directed to terminate the Motion at **ECF No. 10**.

    */s/ Edward S. Kiel*
**Edward S. Kiel**
**United States Magistrate Judge**